UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

| | |
|---|---|
| Kelly L. Ricketson, <br><br> Plaintiff, <br><br> v. <br><br> Advantage Collection Professionals, LLC, a Minnesota limited liability company. <br><br> Defendant. | **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, I 5 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Kelly L. Ricketson is a natural person who resides in the City of North Branch, County of Chisago, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Advantage Collection Professionals, LLC is a collection agency operating from an address of 7373 Kirkwood Court #200, Maple Grove, MN 55369 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

1

## FACTUAL ALLEGATIONS

6. In or about the year 2020, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a debt with Riverwood Healthcare Center, in the approximate amount of $100.00, which was used by Plaintiff for personal, family and household purposes.

7. The debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

8. On January 6, 2021, Plaintiff filed for Chapter 7 bankruptcy protection in United States Bankruptcy Court for the District of Minnesota. *See* USBC-MN File No. 21-30015.

9. On or about February 4, 2021, Defendant was added as a creditor in Plaintiff's bankruptcy by updating the creditor matrix maintained for Plaintiff's Chapter 7 bankruptcy case by the Clerk of Court for the United States Bankruptcy Court, District of Minnesota. A true and correct copy of the letter Plaintiff's attorney sent to Defendant advising it of Plaintiff's Chapter 7 bankruptcy case, dated February 4, 2021 is attached as 'Exhibit A.'

10. The Notice of Chapter 7 Bankruptcy Case enclosed with the February 4, 2021 letter states:

> The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors

<blockquote>cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.</blockquote>

11. On April 5, 2021, the United States Bankruptcy Court, District of Minnesota issued an Order for Discharge in Plaintiff's Chapter 7 bankruptcy case.

12. On April 7, 2021, the Clerk of Court for the United States Bankruptcy Court for the District of Minnesota electronically mailed to Defendant the Order for Discharge. A true and correct copy of the Order for Discharge with certificate of service is attached as "Exhibit B."

13. After filing for bankruptcy protection, Plaintiff started receiving collection communications from Defendant in an attempt to collect this debt.

14. On or about April 27, 2021, Plaintiff received a collection letter from Defendant regarding the debt that Plaintiff allegedly owed to Riverwood Healthcare Center in the amount of $100.00. A true and correct copy of the collection letter is attached as "Exhibit C."

15. Plaintiff became confused, frustrated and angry by Defendant's collection of a debt in violation of the Order for Relief issued by the United States Bankruptcy Court for the District of Minnesota pursuant to 11 U.S.C. §§ 301 & 362(a)(6).

16. This collection letter was an illegal communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

> cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

11. On April 5, 2021, the United States Bankruptcy Court, District of Minnesota issued an Order for Discharge in Plaintiff's Chapter 7 bankruptcy case.

12. On April 7, 2021, the Clerk of Court for the United States Bankruptcy Court for the District of Minnesota electronically mailed to Defendant the Order for Discharge. A true and correct copy of the Order for Discharge with certificate of service is attached as "Exhibit B."

13. After filing for bankruptcy protection, Plaintiff started receiving collection communications from Defendant in an attempt to collect this debt.

14. On or about April 27, 2021, Plaintiff received a collection letter from Defendant regarding the debt that Plaintiff allegedly owed to Riverwood Healthcare Center in the amount of $100.00. A true and correct copy of the collection letter is attached as "Exhibit C."

15. Plaintiff became confused, frustrated and angry by Defendant's collection of a debt in violation of the Order for Relief issued by the United States Bankruptcy Court for the District of Minnesota pursuant to 11 U.S.C. §§ 301 & 362(a)(6).

16. This collection letter was an illegal communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

17. Shortly after receiving Defendant's illegal collection letter, in the months of May 2021 and June 2021, agent(s) of Defendant called Plaintiff three or four times demanding payment of the amount allegedly due to Riverwood Healthcare Center.

18. Defendant's collection communications were a false, deceptive and illegal attempt to collect this debt from Plaintiff in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U .S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), 1692f, and 1692f(l), amongst others.

19. The FDCPA prohibits collection practices that violate other state or federal laws. Picht v. Jon R. Hawks, Ltd., 236 F.3d 446, 448 (8th Cir. 2001).  The Bankruptcy Abuse Prevention and Consumer Protection Act prohibits, " any act to collect, assess, or recover a claim against the debtor that arose before [the bankruptcy case filing]."  11 U.S.C. §§ 301 & 362(a)(6).

20. The above-described illegal collection communication of harassing Plaintiff in an effort to collect this debt by Defendant was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above cited provisions of the FDCPA, amongst others.

21. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSE OF ACTION

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

24. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(l); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;
- for an award of statutory damages of no less than $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant and for Plaintiff;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant and for Plaintiff; and
- for such other and further relief as may be just and proper

Dated: September 7, 2021                    Respectfully submitted,
                                            **ATLAS LAW FIRM, LLC**

                                            By: <u>**s/Michael J. Sheridan**</u>
                                            Michael J. Sheridan, (#0388936)
                                            2006 First Avenue North, Suite 206
                                            Anoka, Minnesota 55303
                                            Telephone: (763) 568-7343
                                            Facsimile: (763) 400-4530
                                            msheridan@atlasfirm.com
                                            **Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA      )
                        ) ss
COUNTY OF CHISAGO       )

Plaintiff Kelly L. Ricketson, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to *my* attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

*Kelly L. Ricketson*
Kelly L. Ricketson

Subscribed and sworn to before me
this 17th day of September, 20 21.

*Alicia Reinhardt*
Notary Public  exp 11-13-2024



7