UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Kelly L. Ricketson, | Case No. 21-cv-2541 (WMW/ECW) |
| Plaintiff, | |
| v. | **AMENDED ORDER** |
| Advantage Collection Professionals, LLC, | |
| Defendant. | |

---

This matter is before the Court on Defendant Advantage Collection Professionals, LLC's (ACP), motion for attorneys' fees and costs. (Dkt. 41.) For the reasons addressed below, ACP's motion is granted.

## BACKGROUND

Plaintiff Kelly L. Ricketson is a resident of Minnesota who incurred a financial debt of approximately $100 in 2020. Defendant Advantage Collection Professionals, LLC (ACP), a collection agency that operates in Minnesota, repeatedly attempted to collect on Ricketson's outstanding debt in April, May and June 2021. Ricketson commenced this action on November 22, 2021, alleging that ACP's debt-collection attempts violated numerous provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.* Ricketson sought $1,000 in statutory damages and an award of costs and reasonable attorneys' fees.

On December 17, 2021, ACP served on Ricketson's attorney, Michael Sheridan, an offer of judgment pursuant to Federal Rule of Civil Procedure 68. ACP's offer of judgment

proposed to resolve this matter for $1,001 plus Ricketson's costs and reasonable attorneys' fees. On December 30, 2021, Ricketson accepted ACP's offer of judgment in writing. Sheridan's time records reflect that, as of December 30, 2021, Ricketson had incurred $2,220 in attorneys' fees. Without disclosing this information to ACP's counsel, Sheridan asked ACP's counsel to "[p]lease advise what your client would consider to be an agreeable amount of attorney's fees and costs."

On January 3, 2022, ACP's counsel emailed Sheridan to request "at least an outline of your time and expenses claimed in this matter." Sheridan declined to provide this information, responding that he would "provide [ACP's counsel] with [his] time records pursuant to a request for production of documents under [Federal Rule of Civil Procedure] 34" and, absent such a request, ACP could "present [Sheridan] with an offer for attorney fees without [his] time records." ACP's counsel subsequently attempted to request production of Sheridan's billing records by email pursuant to Federal Rule of Civil Procedure 34. Sheridan responded in writing, "Please serve your discovery request pursuant to FRCP 5. I do not recall consenting to service via email in writing."

On January 25, 2022, Sheridan emailed ACP's counsel that he was "willing to settle the attorney fees and costs portion of the judgment for $10,000." As of that date, Sheridan had not produced any billing records to ACP's counsel. The billing records that Sheridan subsequently submitted to the Court demonstrate that, as of January 25, 2022, Sheridan had billed his client $2,880 in fees and $469.50 in costs.

On February 3, 2022, not having received any information from Sheridan about the amount of attorneys' fees and costs Ricketson actually incurred, ACP offered to pay

2

Ricketson $1,447.50 in reasonable fees and $485 in reasonable costs. Sheridan responded: "I am authorized to settle this case for $9,001." The next day, the magistrate judge held an initial pretrial conference. There is no transcript of that hearing. But the parties agree that, during that hearing, Sheridan conceded to the magistrate judge that his refusal to engage in informal discovery as to his billing records may have been "petty." In addition, Sheridan concedes that he told the magistrate judge that he was not requiring ACP to pay more attorneys' fees than the amount he had billed to his client. Sheridan's statement to the magistrate judge contradicts both the facts reflected in Sheridan's billing records and Sheridan's correspondence with ACP's counsel.

Sheridan persisted thereafter in refusing to provide his billing records, asserting to ACP's counsel that he is "not required to help you take shortcuts or reduce your time commitment or client's costs" and that he has "no legal or ethical obligation to help you reduce your client's legal costs or make the resolution of this case any more efficient than the process required under the law." Sheridan also continued to represent that his $9,001 "settlement floor" reflected the amount of fees he had "billed in this case to date." Contrary to this assertion, Sheridan's billing records reflect that he had billed $4,020 in attorneys' fees and $469.50 in costs as of February 4, 2022.

On February 11, 2022, the Clerk of Court entered judgment in favor of Ricketson against ACP. Almost contemporaneously with that entry of judgment, ACP sent Sheridan a check for $1,001 to satisfy the judgment. ACP's counsel contacted Sheridan on February 18, 2022 and requested that Sheridan file a satisfaction of judgment. Sheridan did not file a satisfaction of judgment until September 7, 2022.

3

The parties thereafter moved for attorneys' fees and costs. Ricketson sought $7,860 in attorneys' fees and $469.50 in costs, and ACP sought an award of reasonable attorneys' fees that ACP incurred after Ricketson's acceptance of ACP's offer of judgment pursuant to 28 U.S.C. § 1927. Although ACP did not dispute that Ricketson was the prevailing party in the underlying dispute, ACP alleged that Sheridan's conduct multiplied the proceedings in this matter unreasonably and vexatiously. In an August 26, 2022 Order, the Court granted in part and denied in part Ricketson's motion for attorneys' fees and costs. In doing so, the Court limited the fees to the 7.6 hours of work that Sheridan performed through the date that Ricketson accepted ACP's Rule 68 offer of judgment. In the same Order, the Court granted ACP's motion for fees in a to-be-determined amount. The Court ordered ACP to file a supplemental motion, memorandum and supporting documentation in support of its request for reasonable attorneys' fees and costs.

ACP filed these submissions on September 16, 2022. Three days earlier, on September 13, 2022, Sheridan served on counsel for ACP documents entitled "Plaintiff's Requests for Production of Documents," pursuant to Rule 34, Fed. R. Civ. P. This discovery request sought "[a]ny and all documents summarizing, describing, or otherwise detailing [ACP]'s charges for their attorney(s) fees and costs, charged by agents of Bassford & Remele, P.A[.] in the present action, including but not limited to" (a) time-keeping records; (b) invoices; and (c) sales receipts. The discovery request also sought a "signed copy of the retainer agreement or other contract for legal services between [ACP] and Bassford & Remele, P.A[.] for legal services provided in the present action." ACP's counsel produced copies of their invoices in response, but counsel for ACP did not produce

4

a copy of the retainer agreement. ACP now moves for $11,655.45 in attorneys' fees in connection with Ricketson's prior fee motion, as well as the fees ACP incurred in bringing this motion, pursuant to 28 U.S.C. § 1927 and the Court's August 26, 2022 directive.

## ANALYSIS

I.  **ACP's Motion for Attorneys' Fees and Costs**

   A.  **Sheridan's Unreasonable and Vexatious Conduct**

A district court may require an attorney "to *satisfy personally* the excess costs, expenses, and attorneys' fees reasonably incurred" as a result of that attorney "multipl[ying] the proceedings . . . unreasonably and vexatiously." 28 U.S.C. § 1927 (emphasis added). Sanctions under Section 1927 are appropriate when "attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Lee v. First Lenders Ins. Servs., Inc.*, 236 F.3d 443, 445 (8th Cir. 2001) (internal quotation marks omitted). Accordingly, "a sanctioning court must make an effort to isolate the additional costs and fees incurred by reason of conduct that violated [section] 1927." *First Lenders*, 236 F.3d at 446. "Because section 1927 is penal in nature, it should be strictly construed so that it does not dampen the legitimate zeal of an attorney in representing [the attorney's] client." *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999) (internal quotation marks omitted). A district court has substantial discretion when imposing sanctions under Section 1927. *First Lenders*, 236 F.3d at 445.

ACP argues that all of the fees ACP incurred after December 30, 2021, directly resulted from Sheridan's decision to unreasonably and vexatiously multiply the proceedings in this case, and for this reason, ACP requests fees that correspond to the hours

5

its counsel expended after December 30, 2021, through October 21, 2022, the filing date of ACP's present motion. In response, Sheridan admits that he behaved unreasonably and vexatiously in connection with the parties' cross-motions for attorneys' fees. But because counsel for ACP did not begin working on those motions until February 27, 2022, Sheridan argues, ACP's counsel should not receive a fee award for any work performed until that date.

As addressed in Part I.B.2. of the Court's August 26, 2022 Order, Ricketson could not have reasonably recovered more than $2,220 from ACP when Ricketson accepted ACP's Rule 68 offer of judgment on December 30, 2022. But Sheridan obstinately refused to engage in a good-faith effort to recover an appropriate amount. For several weeks after December 30, 2021, Sheridan refused to provide ACP with any proposed attorneys' fee amount or information that would permit ACP's attorneys to confer meaningfully as to what a reasonable fee amount might be. In doing so, Sheridan used the Federal Rules of Civil Procedure as a tool for no apparent purpose other than to obstruct and harass opposing counsel and prolong the resolution of the parties' dispute. During the course of negotiating with opposing counsel after the Rule-68 acceptance and litigating the parties' prior cross-motions for attorneys' fees and costs, Sheridan failed to present a good-faith basis to justify his repeated refusals to respond to ACP's reasonable requests for relevant information. Indeed, Sheridan conceded to the magistrate judge at a pretrial conference that his refusal to engage in informal discovery was "petty." Sheridan abused legal procedure. Moreover, his improper conduct persisted and worsened throughout the course of the proceedings. Although counsel for ACP may not have commenced drafting ACP's portion of the parties'

cross-motions for attorneys' fees by February 27, 2022, ACP's counsel certainly engaged in work related to the issues at the heart of those motions and attempted to respond in good faith to the contemporaneous conduct of Sheridan that ultimately gave rise to the Court's finding of unreasonable and vexatious behavior in its August 26, 2022 Order.

With respect to fees incurred that are attributable to ACP's present motion, Sheridan concedes that ACP incurred "excess cost" as a result of his conduct between August 15, 2022, and August 30, 2022.  But Sheridan asserts that fees should not be awarded for work performed after August 30, 2022.  Despite the Court's August 26, 2022 Order granting ACP's motion for Section 1927 fees, Sheridan continued to behave in a similarly difficult and recalcitrant manner after that date.  Rather than simply meeting and conferring on the present motion, for instance, Sheridan served an unnecessary discovery request on ACP and sought copies of irrelevant documents such as the retainer agreement between ACP and its counsel.  Sheridan did so because he "suspected" that ACP retained its counsel on a flat-rate, rather than hourly, basis.  ACP argues, and the Court agrees, that Sheridan lacked any cognizable basis for suspecting a Rule 11 violation.  Indeed, Sheridan possessed hourly-rate invoices from counsel for ADP that ADP disclosed *before* August 2022. As such, Sheridan's conduct after August 30, 2022, continued to be unreasonable and vexatious.

For these reasons, ACP is entitled to reasonable attorneys' fees and costs for the work its counsel performed after December 30, 2021, up to and including the filing date of ACP's present motion on October 21, 2022.

7

### B. Reasonable Attorneys' Fees

The Court addresses, in turn, to the reasonableness of the hourly rates, number of hours expended and costs claimed by counsel for ACP, attorneys Michael Klutho and Patrick Newman. ACP seeks $12,133.35 in attorneys' fees for 45.7 hours of excess work performed on the parties' prior cross-motions for attorneys' fees and costs and ACP's present motion for attorneys' fees and costs. These figures comprise $6,345.45 in attorneys' fees for 23.9 hours of excess work performed on the parties' prior cross-motions for attorneys' fees and costs, and $5,787.90 in attorneys' fees for 21.8 hours of excess work performed on ACP's present motion for attorneys' fees.

#### i. Hourly Rates

A sanctioning court that awards attorneys' fees pursuant to Section 1927 should assess the proper amount of fees by using the lodestar method. *See Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*, No. 17-cv-5096 (WMW/BRT), 2022 WL 3701555, at *6 (D. Minn. Aug. 26, 2022) (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563–64 (1986)); *see also McDonald v. Armontrout*, 860 F.2d 1456, 1458 (8th Cir. 1988). To calculate the lodestar amount, a district court multiplies the number of hours reasonably expended by a reasonable hourly rate, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), which must be "in line with [the] prevailing [rate] in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The party seeking an attorneys' fees award has the burden to establish entitlement to an award with documentation that addresses the nature of the work, the appropriateness of the hourly rates and the hours

8

expended. *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley*, 461 U.S. at 437).

Although Sheridan does not expressly challenge the reasonableness of the hourly rate charged by ACP's counsel, the Court nonetheless must confirm that the claimed hourly rate is reasonable. A district court may rely on its experience and knowledge of prevailing market rates to determine whether the claimed hourly rate is reasonable. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). A reasonable fee is "one that is adequate to attract competent counsel, but . . . [that does] not produce windfalls to attorneys." *McDonald*, 860 F.2d at 1458 (alteration in original) (quoting *Blum*, 465 U.S. at 897). The "skill, experience, and reputation of counsel are key factors bearing on a rate's reasonableness." *Id.* at 1459. Here, Klutho and Newman each completed declarations detailing their respective work experience and hourly rate. Klutho began practicing law in 1987 and has handled "thousands" of consumer-law cases, while Newman began practicing in 2013 and focuses on FDCPA defense and related cases. Although both attorneys typically charge an hourly rate between $400–$425 in similar matters, Klutho and Newman have charged a discounted rate of $295 in this case. Judges in this District have approved hourly rates similar to Klutho's and Newman's rates in other FDCPA cases. *See, e.g.*, *Nathanson v. Diversified Adjustment Serv., Inc.*, No. 18-CV-3102 (PJS/ECW), 2019 WL 4387960, at *4 (D. Minn. Sept. 13, 2019) (collecting cases approving hourly rates ranging from $220 to $400). Moreover, both Klutho and Newman voluntarily reduced their hourly rates by 10 percent to account for the fact that ACP would have incurred some fees pertaining to the parties' post-offer-of-judgment motions for attorneys' fees. The Court has considered these facts

along with the Court's experience and knowledge of prevailing market rates, which are consistent with the hourly rate claimed by Klutho and Newman.

The Court concludes that Klutho's and Newman's claimed hourly rates are reasonable and consistent with the rates in this community for similar services by lawyers of comparable experience.

### ii. Hours Expended

When conducting a lodestar analysis, a district court should exclude "hours that were not reasonably expended." *Hensley*, 461 U.S. at 434 (internal quotation marks omitted). As such, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* In addition, because incomplete or imprecise billing records may prevent a district court from meaningfully reviewing a request for excessive, redundant or otherwise unnecessary hours, "[i]nadequate documentation may warrant a reduced fee." *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991).

In support of its motion, ACP submitted detailed billing records that reflect the excess work that its counsel, Klutho and Newman, performed in connection with the parties' cross-motions for attorneys' fees and costs as well as ACP's present motion. Klutho's and Newman's work on these motions included tasks such as communicating with Sheridan, responding to Sheridan's prolonged settlement strategies, drafting fee-motion memoranda, attempting to confirm Sheridan's receipt of ACP's payment in satisfaction of judgment and communicating with their clients.

In addition to the argument that work performed by ACP's counsel before February 27, 2022, should not comprise any portion of the Section 1927 award, which the Court rejected in Part. I.A. of this Order, Sheridan offers only one argument to contest the reasonableness of the hours expended by ACP's counsel.  Any time billed by ACP's counsel after August 30, 2022, does not qualify as excess cost, Sheridan contends, due to unreasonable and vexatious conduct.  Sheridan identifies as unreasonable the time that Klutho and Newman expended on drafting a new memorandum of law and contends that counsel for ACP simply needed to compile and submit their billing records.

A district court "need not, and indeed should not," scrutinize each billing entry of an attorney who is seeking a fees award, because the "essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).  Here, nothing in the record suggests that the 45.7 hours of work Klutho and Newman performed pertaining to the parties' motions for attorneys' fees were unreasonably excessive in light of Sheridan's conduct.  Indeed, the fact that Sheridan persisted in his unreasonable and vexatious conduct following the Court's August 26, 2022 Order underscores the difficulty that Klutho and Newman encountered throughout the pendency of this litigation and establishes their need to expend an elevated number of work hours on these fee motions compared to non-Section 1927 fee motions.  The record also establishes that the Court ordered ACP to submit a new memorandum of law in support of ACP's present motion for attorneys' fees, which Klutho and Newman spent fewer hours producing than they spent in connection with the parties' prior cross-motions for attorneys' fees and costs.  Moreover, Klutho and Newman have voluntarily reduced their typical fee

11

by 10 percent in recognition of the work hours that ACP's motion for attorneys' fees would have required absent Sheridan's unreasonable and vexatious conduct. As such, the number of hours expended by Klutho and Newman comports with the essential goal of fee-shifting mechanisms such as Section 1927.

For these reasons, the 45.7 hours of work that Klutho and Sheridan performed in connection with the parties' prior cross-motions for attorneys' fees and costs as well as ACP's present motion for fees, for a total of $12,133.35 in fees, were reasonable.

### C. Costs

ACP withdrew its request for costs, which ACP represents are negligible. Accordingly, the Court denies ACP's request for costs as moot.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Advantage Collection Professionals, LLC's, motion for attorneys' fees and costs, (Dkt. 41), is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Defendant Advantage Collection Professionals, LLC's, motion for attorneys' fees is **GRANTED**. Defendant Advantage Collection Professionals, LLC, is awarded $12,133.35 in reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3).

    b. Defendant Advantage Collection Professionals, LLC's, motion for costs is **DENIED AS MOOT**.

2. Counsel for Plaintiff Michael Sheridan shall personally satisfy the $12,133.35 award of attorneys' fees set forth in paragraph 1 of this Order, pursuant to 28 U.S.C. § 1927.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 14, 2023                                    s/Wilhelmina M. Wright
                                                         Wilhelmina M. Wright
                                                         United States District Judge